**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| KEVIN JOSEPH RINEAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-00174-TWP-KMB |
| | ) |
| LEE DAVIDSON Officer, in his individual and official capacity, | ) |
| | ) |
| MILAN COMMUNITY SCHOOL CORPORATION, | ) |
| | ) |
| | ) |
| Defendants. | ) |

### ORDER ON PENDING MOTIONS

This matter is before the Court on Defendant Milan Community School Corporation ("the School Corporation") and Defendant Officer Lee Davidson's ("Deputy Davidson") (together the "Defendants") respective Motions to Dismiss (Dkt. 21; Dkt. 26). Also pending is *pro se* Plaintiff Kevin Rinear's ("Mr. Rinear") Motion for Clerk's Entry of Default as to Defendant Davidson (Dkt. 25). Upon screening of Mr. Rinear's First Amended Complaint, his Fourteenth Amendment claims against Deputy Davidson and the School Corporation were allowed to proceed. (Dkt. 11). In the operative Amended Complaint, Mr. Rinear alleges violations by the School Corporation when his "children were seized from the school without a court order," (Dkt. 13 at 5) and against Deputy Davidson because Mr. Rinear's wife was "blocked by Deputy Davidson from retrieving the children, despite the absence of legal authority." *Id*. at 6. For the reasons discussed below, both motions to dismiss are **granted** and Mr. Rinear's motion for a clerk's entry of default is **denied**.

### I.    BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Amended Complaint and

draws all inferences in favor of Mr. Rinear as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). This Background section is not meant to be a recitation of all the facts of this case. Rather, the Court recites only those facts necessary for the Motions at issue.

Mr. Rinear alleges that on September 29, 2023, his children were "seized from Milan Community Schools," "isolated in a locked room," he was "denied parental access," and his children were "interrogated . . . without parental consent" and then transported to a child advocacy center for questioning. (Dkt. 13 at 2–3). Mr. Rinear's wife attempted to retake custody of the children, but she was stopped by Deputy Davidson. *Id*. Mr. Rinear alleges that his children were seized from the School Corporation without a court order, warrant, or exigent circumstances after a bruise on one of the children's legs from a spanking given by Mr. Rinear precipitated reports to the Indiana Department of Child Services  (Dkt. 13 at 5). After the children were questioned without Mr. Rinear's consent, they were referred to Riley Children's Hospital based on claims of injury. *Id*.

Mr. Rinear initiated this action on August 25, 2025 alleging retaliation, conspiracy, and *Monell* claims against defendants the Indiana Department of Child Services ("IDCS"), and IDCS Family Case Manager Laura Macon ("Macon"), and alleging violations of his substantive due process rights in violation of the Fourteenth Amendment by the School Corporation and Deputy Davidson. (Dkt. 1). In its screening order, the Court dismissed Mr. Rinear's claims against Macon, as well as his retaliation, conspiracy, and *Monell* claims against all Defendants in this case (Dkt. 11 at 7).

The Court takes judicial notice of the fact that on September 4, 2025, Mr. Rinear filed a Verified Complaint for Declaratory and Injunctive Relief (the "State Court Complaint") against

the same defendants (The School Corporation, Macon, Deputy Davidson, the Sheriff's Department, and IDCS) on the same factual allegations in Ripley Circuit Court in Indiana under case number 69C01-2509-PL-000012 (Dkt. 21-2). After briefing and a hearing, the Ripley Circuit Court dismissed the State Court complaint on January 22, 2026, resolving "all claims in th[e] action" and making the Order "FINAL and APPEALABLE." *Id*.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F. 3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id*.; *see also Bissessur v. Ind. Univ. Bd. Of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). To be facially plausible, the complaint

3

must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.    DISCUSSION

The Court will first address Mr. Rinear's Motion for Clerk's Entry of Default before turning to the Defendants' Motions to Dismiss.

### A.    Motion for Clerk's Entry of Default

On April 1, 2026, Mr. Rinear requested for an entry of default against Deputy Davidson arguing that counsel entered an appearance for Deputy Davidson and negotiated an extension of time to respond to Mr. Rinear's Complaint up and until March 12, 2026, (*see* Dkt. 20), but nevertheless failed to file an answer, motion under Rule 12, or any responsive pleadings within the time required by the Federal Rules of Civil Procedure (Dkt. 25). Mr. Rinear thus asks for a Clerk's entry of default against Davidson pursuant to Federal Rule of Civil Procedure 55(a).

Deputy Davidson did not respond to Mr. Rinear's Motion for Clerk's Default, and instead, filed the instant Motion to Dismiss two days later on April 3, 2026 (Dkt. 26). Davidson does not address Mr. Rinear's default motion in any of his briefings.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Although Rule 55(a), Fed. R. Civ. P. refers to entry of default by the clerk, it is well-established that a default also may be entered by the court." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982). "[B]ecause the Court, not its Clerk, is addressing the present motion, the question of entry of default merges with the question a court usually addresses later: whether good cause exists to set aside an entry of default under Rule 55(c)." *Broadwater v. Kalina*, No. 13-cv-309, 2013 WL 3353946,

4

at *1 (S.D. Ind. July 3, 2013). Federal procedural law does not favor default judgments, and "courts must balance the need for efficient administration of justice with a preference for deciding cases on their merits and giving a party its day in court." *McGrath v. Everest Nat'l Ins. Co.*, 668 F.Supp.2d 1085, 1100–01 (N.D. Ind. 2009) (citing *Flying J, Inc. v. Jeter*, 720 N.E.2d 1247, 1249 (Ind. App. 1999)).

Deputy Davidson's counsel does not attempt to assert any good cause for inattention to the filing deadline. Mr. Rinear is correct that a clerk's entry of default against Deputy Davidson could be issued due to his attorney's neglect.  However, when put on notice of its error, counsel promptly filed a responsive Rule 12 motion.  In weighing the equities to each side, and under the liberal standard applied, the Court finds there is good cause to review the merits of Deputy Davidson's Motion to Dismiss. As the Court will discuss below, Deputy Davidson presents a meritorious defense in his Motion to Dismiss on the basis of *res judicata*.

Because Deputy Davidson responded two days after Mr. Rinear filed the Motion for Clerk's Entry of Default and filed a motion under Rule 12 prior to the entry of a Clerk's default, a Clerk's default at this stage of the proceedings would be futile for purposes of Federal Rule of Civil Procedure 55(c). To the extent that Mr. Rinear was entitled to an entry of clerk's default, good cause exists to set it aside, and the Motion for Clerk's Entry of Default is **denied.**[1]

**B.    Motions to Dismiss**

Both the School Corporation and Deputy Davidson contend that Mr. Rinear's claims in this action were or could have been raised in the Ripley Circuit Court's prior decision, so Mr. Rinear's claims in this lawsuit are barred pursuant to the doctrine of *res judicata* (Dkt. 22 at 5; Dkt. 27 at 6). The Seventh Circuit "deprecates the practice of filing two suits over one injury—often with an

---

[1] Deputy Davidson's Counsel is admonished that he should respond to all motions and should not ignore deadlines.

argument based on state law presented to a state court, and an argument arising under federal law presented to a federal court." *Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995). "To discourage the tactic, judges award plaintiffs not the better outcome but the first outcome: Whichever suit goes to judgment first is dispositive, and the doctrine of claim preclusion (*res judicata*) requires the other court to dismiss the litigation." *Id.* Under Indiana law, four elements must be met for claim preclusion to apply:

> (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Valbruna Slater Steel Corp. v. Joslyn Mfg. Co.*, 934 F.3d 553, 560–61 (7th Cir. 2019).

Mr. Rinear contends that this action focuses on "Davidson's conduct as a law enforcement officer enforcing a seizure," and "[that] conduct is distinct from prior proceedings involving other actors on broader issues." (Dkt. 29 at 5). He argues that "the prior proceedings did not fully address [Davidson]'s independent authority, the absence of exigent circumstances, the timing of [Davidson]'s actions, [or] the constitutional implications of law enforcement involvement" and failed to resolve the factual questions central to his case. *Id.*

In their respective Motions, both Defendants argue that the matter in this present case was determined in the Ripley Circuit Court action, as the state court discussed the federal constitutional claim of family integrity and dismissed it. To the extent that the issues were not determined, Defendants contend they *could* have been raised and determined in that action. The School Corporation points out that res judicata explicitly applies to instances of claim splitting. (Dkt. 24). *See Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995) ("To discourage the tactic [of filing two suits over one injury—often with an argument based on state law presented to a state court, and an

argument arising under federal law presented to a federal court], judges award plaintiffs not the better outcome but the first outcome: whichever suit goes to judgment first is dispositive, and the doctrine of claim preclusion (res judicata) requires the other court to dismiss the litigation."); see also *Rexing Quality Eggs v. Rembrandt Enters., Inc.,* 953 F.3d 998, 1002 (7th Cir. 2020).

Defendants are correct. Here, all four elements of *res judicata* are satisfied. First, the Ripley Circuit Court is a court of competent jurisdiction. Second, the judgment was a final judgment on the merits. *See Ramsey v. Moore*, 959 N.E.2d 246, 251 (Ind. 2012) (defining a final judgment as one that disposes of all claims as to all parties and citing Indiana Appellate Rule 2(H)); *see also Staff Source, LLC v. Wallace*, 143 N.E.3d 996, 1010 (Ind. Ct. App. 2020) ("a dismissal with prejudice constitutes a dismissal on the merits and is therefore conclusive of the rights of the parties and res judicata as to the questions that might have been litigated.").

Third, the Ripley Circuit Court action discussed Mr. Rinear's constitutional claims of family integrity against the School Corporation and preventing Mr. Rinear from retrieving his children against Officer Davidson and dismissed all of Mr. Rinear's constitutional claims (Dkt. 21-2 at 5–10). Specifically, the Ripley Circuit Court found that Mr. Rinear "has not cited any authority—and the Court is aware of none—holding that schools violate parents' constitutional rights by cooperating with DCS investigations, even if those investigations later prove to have been initiated improperly." *Id*. at 5. The Ripley Circuit Court then found that "[a]bsent facts showing that Deputy Davidson knew or should have known that DCS lacked authority to take the actions it was taking, his cooperation with DCS does not constitute a constitutional violation." *Id*. at 7.

Finally, the Ripley Circuit Court addressed claims Mr. Rinear brought under 42 U.S.C. § 1983, stating that "[t]o the extent [Mr. Rinear] seeks to vindicate federal constitutional rights . . .

[Mr. Rinear] has not properly pleaded a § 1983 claim." *Id*. at 8. Specifically, the court held that "[w]hile [Mr. Rinear] generally alleges violation of his Fourteenth Amendment rights, he has not adequately pleaded the specific elements of a § 1983 claim against each Defendant. Moreover, he has not addressed the various defenses available in § 1983 actions[.]" *Id*. Accordingly, the matters at issue in this case were already determined in the Ripley Circuit Court. And even if they had not been, those issues could have been raised and determined in that action. *See McGuire v. Marthakis*, No. 3:18-cv-760, 2022 WL 2390690 at *6 (N.D. Ind. July 1, 2022) (stating that under a claim preclusion analysis, "Indiana courts typically look to the 'identical evidence' test to determine whether the issue could have been decided in the other action" and noting that similar allegations and proposed evidence denote impermissible claim splitting weighing in favor of *res judicata*).

The fourth element is also satisfied as the parties in each case are the same.

Because all four elements of *res judicata* are satisfied, the Court may not adjudicate this action. Mr. Rinear must instead do as he has already done and pursue his claims through appealing in state court. *See* Notice of Appeal, *Kevin Rinear v. Milan Community School Corporation, Indiana Department of Child Services, Lee Davidson et al.*, 69C01-2509-PL-000012 (Ind. Super. Ct. 2025), Accordingly, the Defendants' Motions to Dismiss are **granted**.

Having determined that Mr. Rinear's claims are barred by res judicata, the parties' arguments concerning whether Mr. Rinear adequately states a claim need not be discussed.

## IV.    CONCLUSION

For the reasons discussed in this Order, the Court concludes that Plaintiff Kevin Rinear's claims against Defendant Milan Community School Corporation and Defendant Officer Lee Davidson are barred by *res judicata*. Defendant Milan Community School Corporation's Motion

to Dismiss, Dkt. [21] is **GRANTED** and Defendant Deputy Lee Davidson's ("Deputy Davidson")

Motions to Dismiss, Dkt. [26] is **GRANTED**.

Plaintiff's Request for Clerk's Entry of Default as to Defendant Lee Davidson, Dkt. [25] is

**DENIED**. All claims in this action have been resolved and final judgment shall issue separately.

**SO ORDERED**.

Date:    8/5/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN JOSEPH RINEAR
4019 E. Co. Rd. 425 S.
Versailles, IN 47042

Travis W. Montgomery
Carson LLP
montgomery@carsonllp.com

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
mwohlford@boselaw.com